ALCAIDE, PLAINTIFF AND APPELLEE, *v.* ALCAIDE, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Guayama in an Action for Support.

No. 2702.—Decided May 8, 1922.

SUPPORT—MINOR—EMANCIPATION.—A judgment against a father to support his minor daughter will be set aside when it is proved that the said daughter had become emancipated by marriage.

The facts are stated in the opinion.
*Messrs. Soto Gras & Siaca* for the appellant.
*Mr. M. Benítez Flores* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The District Court of Guayama rendered judgment in the year 1916 against Simón Antonio Alcaide for the payment by him of a monthly sum to his minor natural daughter, María de los Dolores Alcaide y Morales, for her support. In 1921 Simón Antonio Alcaide established before the same

court that his said daughter had married and petitioned the court to set aside the said judgment because his daughter had become emancipated by her marriage. The court did not consider that allegation sufficient and denied the petition, whereupon the father took the present appeal.

Section 223 of the Civil Code imposes upon the parents, as one of the effects of the *patria potestas,* the duty of supporting their unemancipated children, and that duty consequently ceases when the children become emancipated. Inasmuch as section 309 of the Civil Code declares that a minor, whether male or female, becomes emancipated by marriage, it is evident that when María de los Dolores Alcaide y Morales married she became emancipated from the *patria potestas* of her father and that, therefore, his obligation to support her as an unemancipated daughter ceased. This was all that the appellant had to allege and prove in order to be relieved of the effects of the judgment against him, for if notwithstanding her emancipation the daughter needs support, her claim can not be based upon the obligation of the father under said section 223 to support his unemancipated children, but upon the provisions of the Civil Code regulating the support of relatives, and such a claim could be made against the father only in case her husband could not support her, he being, according to section 213, the person first under the obligation to support her, and also in case none of her descendants could do so, because that obligation falls first upon the descendants and then upon ascendants, in accordance with section 214 of the Civil Code.

The order appealed from must be

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.